IN RE APPLICATION OF PANEPINTO.

[Cite as *In re Application of Panepinto* (1999), 84 Ohio St.3d 397.]

(No. 98–1772—Submitted October 13, 1998—Decided January 20, 1999.)

*Yoss & Hampton* and *Thomas A. Hampton,* for relator.

*Mark D. Panepinto, pro se.*

___

**Per Curiam.** In order to be admitted to the practice of law in Ohio, the applicant must establish by clear and convincing evidence his "present character, fitness, and moral qualifications for admission to the practice of law in Ohio." Gov.Bar R. I(12)(C)(6). Evidence of false statements, including material omissions, and lack of candor in the admissions process reflect poorly on an applicant's present character, fitness, and moral qualifications. See Gov.Bar R. I(11)(D)(3)(h), (i) and I(11)(D)(4)(i), (j).

After reviewing the evidence, we adopt the findings and recommendation of the board. Panepinto's false and incomplete answers in his application, his continued dishonesty during part of the admissions process, and his attempts to excuse or minimize his conduct at the hearing establish that he does not presently possess the integrity to be admitted to practice law in Ohio. See, *e.g., In re Application of Calim* (1998), 82 Ohio St.3d 96, 694 N.E.2d 896; *In re Application of Salisbury* (1994), 69 Ohio St.3d 403, 632 N.E.2d 1288. Panepinto is permitted to reapply to take the July 1999 bar examination upon the submission of new applications to register as a candidate for admission to the practice of law and to take the bar examination, and upon further submission to a new character and fitness examination.[1]

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

---

COOK, **J., dissenting.** I would not permit this applicant to reapply for admission.

MOYER, C.J., concurs in the foregoing dissenting opinion.

---

LUNDBERG STRATTON, **J., dissenting**. Because I believe that Panepinto has demonstrated that he does not have the requisite fitness and character to be admitted to the practice of law, I respectfully dissent.

Had he admitted to his deceptive acts, I would agree with the majority. But his continued deception in the application process and his refusal to accept the responsibility for these misdeeds demonstrates a deeper character flaw that cannot be cured by time.

A lawyer must be honest, ethical, and above reproach. Panepinto clearly has none of these qualities. Therefore, I would permanently deny his application to take the bar exam.

---

1. We also overrule Panepinto's motion for the record to remain confidential.