DISCIPLINARY COUNSEL *v.* HARRIS.

[Cite as *Disciplinary Counsel v. Harris*, 137 Ohio St.3d 1, 2013-Ohio-4026.]

*Attorneys—Misconduct—Attorney not licensed in Ohio practicing in federal district court located in Ohio—Ohio has no authority to enforce Ohio Rules of Professional Conduct against attorney not licensed in Ohio—Complaint dismissed and matter referred to Board on Unauthorized Practice of Law for further proceedings.*

(No. 2012-1698—Submitted February 26, 2013—Decided September 26, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-077.

_____

**O'DONNELL, J.**

**{¶ 1}** This issue in this case is whether Donald Harris, an attorney who is admitted to the practice of law in the District of Columbia and the Northern and Southern Districts of Ohio, but who is not admitted to the practice of law in the state of Ohio, is subject to the disciplinary authority of this court. Because Harris is not a member of the Ohio bar and has not taken an oath to be bound by the Ohio Rules of Professional Conduct, these rules do not apply to him; rather, his conduct is subject to review by the Board on the Unauthorized Practice of Law ("UPL Board").

**{¶ 2}** Accordingly, we dismiss the Aimee Skeel matter in deference to the authority of the bankruptcy court, and we dismiss the remaining matters and refer them to the UPL Board for further proceedings.

**Factual and Procedural Background**

**{¶ 3}** Donald Harris has never been admitted to the practice of law in the state of Ohio. However, as a member of the District of Columbia bar and of the

bars of the United States District Court for the Northern and Southern Districts of Ohio, he has focused his practice in bankruptcy law before the federal courts geographically located in Ohio.

{¶ 4} In August 2011, disciplinary counsel filed a four-count complaint against Harris relating to his representation of an Ohio client in bankruptcy proceedings before the United States District Court for the Northern District of Ohio, his establishment of a limited-liability company on behalf of an Ohio client, his assistance to an Ohio client in a mortgage modification, and representations regarding the relationship between an Ohio-licensed attorney and the Donald Harris Law Firm. Disciplinary counsel maintains that since Harris is an out-of-state attorney practicing federal law within Ohio's boundaries, he is subject to the disciplinary authority of this state pursuant to Prof.Cond.R. 8.5.

{¶ 5} A hearing panel of the Board of Commissioners on Grievances and Discipline concluded that disciplinary counsel had properly filed the complaint against Harris pursuant to Prof.Cond.R. 8.5. The panel further found that Harris had engaged in numerous violations of the Ohio Rules of Professional Conduct and recommended that Harris be indefinitely suspended from representing Ohio citizens in the state of Ohio. Upon review, the board adopted the findings of fact, conclusions of law, and recommendation of the panel.

{¶ 6} In his objections to the report and recommendation of the board, Harris asserts that Prof.Cond.R. 8.5 does not authorize this court to enforce the Ohio Rules of Professional Conduct against attorneys who are not licensed in Ohio. Moreover, Harris maintains that Prof.Cond.R. 5.5(a)—which prohibits a lawyer from practicing law in a jurisdiction in violation of its regulation of the legal profession—applies only to attorneys licensed in Ohio who practice in another jurisdiction. And he further contends that the federal courts and the District of Columbia have jurisdiction over any disciplinary matters relating to his practice in the federal bankruptcy courts.

2

**The Court's Authority to Regulate the Practice of Law in Ohio**

{¶ 7} Article IV, Section 2(B)(1)(g) of the Ohio Constitution grants this court " 'exclusive power to regulate, control, and define the practice of law in Ohio.' " *Greenspan v. Third Fed. S. & L. Assn.,* 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, ¶ 16, quoting *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 39. We have explained that "[a]ny definition of the practice of law inevitably includes representation before a court, as well as the preparation of pleadings and other legal documents, the management of legal actions for clients, all advice related to law, and all actions taken on behalf of clients connected with the law." *Cleveland Bar Assn. v. CompManagement, Inc.,* 111 Ohio St.3d 444, 2006-Ohio-6108, 857 N.E.2d 95, ¶ 22.

{¶ 8} We have defined the unauthorized practice of law as " 'the rendering of legal services for another *by any person not admitted to practice in Ohio* under Rule I and not granted active status under Rule VI, or certified under Rule II, Rule IX, or Rule XI of the Supreme Court Rules for the Government of the Bar of Ohio.' " (Emphasis added.) *Lorain Cty. Bar Assn. v. Kocak,* 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 17, quoting former Gov.Bar R. VII(2)(A), 103 Ohio St.3d XCIX, CI. Gov.Bar R. VII(2)(A)(4) defines the unauthorized practice of law to include "[h]olding out to the public or otherwise representing oneself as authorized to practice law in Ohio by a person not authorized to practice law by the Supreme Court Rules for the Government of the Bar or Prof.Cond.R. 5.5." And controlling in this case is our own precedent: "a lawyer admitted to practice in another state, but not authorized to practice in Ohio, who counsels Ohio clients on Ohio law and drafts legal documents for them is engaged in the unauthorized practice of law in Ohio." *Cleveland Bar Assn. v. Moore,* 87 Ohio St.3d 583, 584, 722 N.E.2d 514 (2000), citing *Cleveland Bar Assn. v. Misch*, 82 Ohio St.3d 256, 695 N.E.2d 244 (1998).

**Rules of Professional Conduct Do Not Apply to Harris**

**{¶ 9}** Although Harris is licensed to practice law in another jurisdiction, because he is not admitted to the Ohio bar, our Rules of Professional Conduct, designed to regulate conduct of attorneys admitted to practice law in Ohio, do not apply to him. He never subjected himself to them because he has never been admitted to practice law in this state.

**{¶ 10}** Every lawyer who is admitted to practice law in Ohio takes an oath of office. *See* Gov.Bar R. I(1)(F). As part of that oath, the attorney swears or affirms to support the Constitutions of the United States and the state of Ohio and to "abide by the Ohio Rules of Professional Conduct." Gov.Bar R. I(8)(A).

**{¶ 11}** Harris never took that oath and never agreed to abide by our rules, and we are reluctant to impose our rules of conduct on him or other such attorneys who engage in the practice of law in our state. It appears that this is precisely why we have created the UPL Board and why we have defined the unauthorized practice of law as " '[t]he rendering of legal services for another by any person not admitted to practice in Ohio.' " *Kocak,* 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 17, quoting former Gov.Bar R. VII(2)(A), now Gov.Bar R. VII(2)(A)(1).

**{¶ 12}** In this regard, Harris is no different from an accountant, a real estate agent, or a financial planner who undertakes activity that constitutes the practice of law and who becomes subject to discipline pursuant to the unauthorized practice of law framework. It is inconsistent to conclude that an attorney admitted in another jurisdiction who engages in the unauthorized practice of law in Ohio becomes subject to the Board of Commissioners on Grievances and Discipline when another professional, such as a real estate agent, who engages in the unauthorized practice of law becomes subject to the UPL Board. Similarly, our decision today is in accordance with Gov.Bar R. VI(3)(C), which provides:

> An attorney who is admitted to the practice of law in another state or in the District of Columbia, but not in Ohio, and who performs legal services in Ohio for his or her employer, but fails to register in compliance with this section or does not qualify to register under this section, *may be referred for investigation of the unauthorized practice of law* under Gov.Bar R. VII * * *.

(Emphasis added.)

{¶ 13} Additionally, our sanctions for serious violations of the Rules of Professional Conduct, suspension and disbarment, are ineffective and meaningless to Harris because he is not a member of the Ohio bar. We cannot suspend or disbar an attorney who is not a member of the Ohio bar. Thus, we consider these matters as alleged unauthorized practice of law violations.

### Harris's Conduct

#### *The Bankruptcy Proceedings*

{¶ 14} Harris represented Aimee Skeel in two bankruptcy petitions filed in the United States Bankruptcy Court for the Northern District of Ohio. We determine that Harris did not engage in the unauthorized practice of law when he represented Skeel because, as a member of the District of Columbia bar, and having been admitted to practice in the Northern District of Ohio, he was *authorized* to practice before the United States Bankruptcy Court for the Northern District of Ohio. As such, he becomes subject to the disciplinary authority of those federal courts.

{¶ 15} As the Bankruptcy Court for the Northern District of Ohio explained, "[a] bankruptcy court has the power to regulate the practice of law in the cases before it." *In re Ferguson*, 326 B.R. 419, 422 (Bankr.N.D.Ohio 2005), citing *United States v. Johnson,* 327 F.3d 554, 560 (7th Cir.2003); *see also*

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ("the Court has held that a federal court has the power to control admission to its bar and to discipline attorneys who appear before it"). Specifically, Loc.R. 2090-2(b) of the United States Bankruptcy Court for the Northern District of Ohio states that "[p]rofessional conduct and attorney discipline shall be governed by Local Civil Rule 83.7," which provides that "any attorney admitted to practice before this Court may be subjected to such disciplinary action as the circumstances warrant." Loc.Civ.R. 83.7(b)(1) of the United States District Court for the Northern District of Ohio.

{¶ 16} Here, the United States Bankruptcy Court for the Northern District of Ohio exercised its authority and declined to sanction Harris or order the disgorgement of attorney fees for his representation of Skeel in bankruptcy proceedings. Because the alleged misconduct involving Skeel occurred before the United States Bankruptcy Court for the Northern District of Ohio and because that court has the power to discipline Harris for his practice before it, we dismiss this charge in deference to the disciplinary authority of the United States Bankruptcy Court for the Northern District of Ohio.

### *Formation of an L.L.C.*

{¶ 17} Darlene Martincak engaged Harris to file a petition in bankruptcy. She also asked Harris to help her transfer five properties owned by her company to Alexander Roussos. Prior to the filing of the bankruptcy, Harris met with Martincak and Roussos to discuss the property transfers and agreed to assist them. In relation to these transactions, during oral argument, Harris's counsel admitted that Harris had formed an L.L.C. Harris did not inform Martincak or Roussos that he was not licensed to practice law in Ohio.

{¶ 18} Harris has never been admitted to the practice of law in Ohio, does not have active status, and is not certified. By definition, then, Harris did not commit a disciplinary violation because he never became subject to our

disciplinary rules by gaining admission to the bar of the state of Ohio. Rather, Harris may have engaged in the unauthorized practice of law when he assisted Roussos in establishing an L.L.C. in accordance with Ohio law and when he participated in transferring properties to that L.L.C. *See Columbus Bar Assn. v. Verne*, 99 Ohio St.3d 50, 2003-Ohio-2463, 788 N.E.2d 1064, ¶ 1-4. In addition, by his silence, he may have further engaged in the unauthorized practice of law by leading Roussos and Martincak to believe that he was a member of the Ohio bar. *See* Gov.Bar R. VII(2)(A)(4), which defines the unauthorized practice of law to include holding out to the public or otherwise representing oneself as authorized to practice law. Thus, since Harris is not admitted to the Ohio bar and because the conduct with which he is charged has been defined by this court to constitute the unauthorized practice of law, we dismiss the disciplinary action and refer this matter to the UPL Board.

### *Modification of a Mortgage*

{¶ 19} Harris also agreed to seek modification of a mortgage that Ronald Sharp—a client whom Harris had represented in two prior bankruptcy proceedings—held on his residence and failed to inform Sharp that he was not licensed to practice law in Ohio.

{¶ 20} While we agree with the board that there is insufficient evidence to support the allegations that Harris committed any disciplinary violations relating to the modification of Sharp's mortgage, we refer this matter to the UPL Board for its consideration and review.

### *Violations Involving Information about Legal Services*

{¶ 21} Harris formed the Donald Harris Law Firm in 2004. The firm maintained a website, which indicated that unnamed attorneys in his firm were licensed in various states, including Ohio. In addition, Harris's letterhead stated, "Attorneys at Law" below the firm name and listed Loretta Riddle, a member of the Ohio bar, as an attorney. However, the nature of the working relationship

between Harris and Riddle is unclear. Thus, by holding out to the public that Riddle was a member of the Donald Harris Law Firm, he may have engaged in the unauthorized practice of law in Ohio. *See* Gov.Bar R. VII(2)(A)(4). We therefore refer this matter to the UPL Board for its consideration and review.

## Conclusion

{¶ 22} Because Harris is not a member of the Ohio bar, he is not subject to this court's disciplinary authority. Rather, as an attorney not admitted to practice in Ohio, he may have engaged in the unauthorized practice of law by rendering legal services in Ohio to Ohio clients.

{¶ 23} Therefore, in conformity with our previous decisions in *Moore* and *Misch* and our longstanding definition of the unauthorized practice of law, we dismiss the Skeel matter in deference to the authority of the bankruptcy court. We further dismiss the Roussos/Martincak matter, the Sharp matter, and the charges relating to information about legal services and refer these matters to the UPL Board for further proceedings.

So ordered.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.

Oglesby & Oglesby, Ltd., and Geoffrey L. Oglesby, for respondent.

_____