NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-2813

IN RE APPLICATION OF SWENDIMAN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Swendiman,* Slip Opinion No. 2016-Ohio-2813.]**

*Application for admission without examination—Applicant engaged in unauthorized practice of law in Ohio—Application disapproved—Applicant may reapply.*

(No. 2015-0540—Submitted June 10, 2015—Decided May 5, 2016.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 592.

_____

**Per Curiam.**

{¶ 1} Matthew Ashley Swendiman of Cincinnati, Ohio, has applied for admission to the Ohio bar without examination. The admissions committee of the Cincinnati Bar Association certified that Swendiman possessed the requisite character and fitness and recommended that his application be approved. The Board of Commissioners on Character and Fitness, however, invoked its sua sponte

investigatory authority, conferred by Gov.Bar R. I(10)(B)(2)(e), apparently due to concerns arising from investigations initiated by the Occupational Safety and Health Administration ("OSHA") and the CFA Institute, an association of investment professionals, as well as concerns that Swendiman had engaged in the unauthorized practice of law in Ohio.

{¶ 2} After conducting a hearing, a panel of the board issued a report finding that Swendiman engaged in the unauthorized practice of law in Ohio before and after he applied for admission to the Ohio bar and that he has therefore failed to prove that he currently possesses the requisite character and fitness to practice law in this state.  Therefore the panel recommended that his application for admission without examination be denied.  The board adopted the panel's report in its entirety and recommends that we disapprove Swendiman's application. Swendiman has not objected to the board's report and recommendation.

{¶ 3} We adopt the board's findings, disapprove Swendiman's pending application for admission without examination, and order him to immediately cease and desist activities constituting the practice of law in Ohio unless and until he is duly licensed to practice in this state.

### Swendiman's Practice of Law in Ohio

{¶ 4} Swendiman has been admitted to practice law in three jurisdictions, including Indiana in 2001, Connecticut in 2003 (although this license is no longer active), and the District of Columbia in 2005.  Since his first admission, he has primarily engaged in the financial-investment business as a lawyer and as a financial advisor.  In 2006, he took a position as in-house counsel for Fifth Third Bank and its asset-management subsidiary in Ohio and eventually became the chief administrative officer of that subsidiary. During his time with Fifth Third, Swendiman registered for corporate status pursuant to Gov.Bar R. VI(6).

{¶ 5} Following Swendiman's tenure at Fifth Third, two employees filed a complaint with OSHA alleging that their employment was terminated after they

voiced concerns about alleged exaggerations and misrepresentations in the prospectuses for products offered by Fifth Third's asset-management subsidiary during Swendiman's tenure. Although the complaint apparently alleged that Swendiman had failed to correct misinformation regarding the identity of some of the subsidiary's fund managers, he told the panel that OSHA never contacted him about the allegations. He also reported that the CFA Institute terminated its related investigation into the allegations after an internal Fifth Third investigation and a third-party investigation conducted at Fifth Third's request found no evidence of wrongdoing.

{¶ 6} Swendiman left Fifth Third in April 2011 to take a position as chief operating officer with another corporation, but he left that job after just seven months to start his own investment company, Swendiman Wealth Strategies, Inc. He became of counsel to the Cincinnati law firm Graydon, Head & Ritchey, L.L.P., in September 2012 and worked part-time for the firm while continuing to operate his investment company. Approximately six months after joining the firm, Swendiman applied for admission to the Ohio bar without examination. And by late 2014, he had closed his business and began working full-time for the firm, though his application for admission to the bar remained pending.

{¶ 7} In a June 2013 amended affidavit of past practice, Swendiman avers that he has been and is practicing law at the Graydon firm. At the panel hearing, he testified that he took the position because his clients and other professional contacts were asking him not only to provide financial investment advice, but also to perform legal services for them. The panel found that because of Swendiman's extensive experience in investment advising and contacts with institutional clients around the country, he was responsible for establishing client relationships and serving as a resource to the Graydon firm's securities group.

{¶ 8} Gov.Bar R. VII(2)(A)(1) defines the unauthorized practice of law in Ohio as the rendering of legal services for another by any person not admitted to

practice in Ohio under Rule I of the Supreme Court Rules for the Government of the Bar. A person not so admitted may practice law if he or she is rendering legal services in compliance with the requirements of Prof.Cond.R. 5.5 regarding the multijurisdictional practice of law. Swendiman argued that his practice with the Graydon firm is authorized by Prof.Cond.R. 5.5(d)(2).

{¶ 9} Prof.Cond.R. 5.5(b)(1) prohibits a lawyer who is not admitted to practice in this jurisdiction from establishing an office or other systematic and continuous presence in this jurisdiction for the practice of law except as otherwise authorized by the Professional Rules or other law. Swendiman admitted that he has established an office and a continuous presence in Ohio and that he had practiced law in this state, but he contended that his practice was authorized pursuant to Prof.Cond.R. 5.5(d)(2), which provides that a lawyer admitted and in good standing in another United States jurisdiction may provide legal services in this jurisdiction if "the lawyer is providing services that the lawyer is authorized to provide by federal or Ohio law." During the proceedings below, Swendiman appeared to argue that because he was advising clients regarding federal law only and because he was licensed to practice law in the District of Columbia, where filings before the Securities and Exchange Commission and other federal agencies are made, he was authorized to render those services in Ohio. The panel noted that Swendiman did not cite any legal authority to support his "seemingly novel" argument that his practice of law in Ohio was authorized, and it found no cases directly on point. Moreover, the panel found that cases in which a lawyer's practice of law has been deemed to be authorized by federal law occurred when the lawyer's practice had been specifically authorized by a separate federal admissions authority.

{¶ 10} For example, in *Disciplinary Counsel v. Harris*, 137 Ohio St.3d 1, 2013-Ohio-4026, 996 N.E.2d 921, ¶ 14-15, this court found that Harris did not engage in the unauthorized practice of law when he represented a client before the United States Bankruptcy Court for the Northern District of Ohio, because he had

4

been admitted to practice in that court, even though he had not been admitted to the Ohio bar. In doing so, we acknowledged that " '[a] bankruptcy court has the power to regulate the practice of law in the cases before it.' " *Harris* at ¶ 15, quoting *In re Ferguson,* 326 B.R. 419, 422 (Bankr.N.D.Ohio 2005). *See also In re Desilets*, 291 F.3d 925 (6th Cir.2002) (holding that an attorney licensed in Texas and admitted to practice before a federal bankruptcy court in Michigan was authorized to practice federal bankruptcy law in Michigan, even though he was not licensed in Michigan, because the bankruptcy court's rules permitted the attorney not only to appear before the bankruptcy court, but also to counsel clients in bankruptcy actions or proceedings). Distinguishing Swendiman's case from *Harris* and *Desilets*, however, on the ground that admission to the District of Columbia bar is not tantamount to admission by a separate federal authority, the panel found that Swendiman's reliance on Prof.Cond.R. 5.5(d)(2) was misplaced.

**{¶ 11}** Although the panel did not believe that Swendiman's conduct was intentional, it found that he was not particularly attentive to Prof.Cond.R. 5.5 or thoughtful or diligent about how he should proceed once he decided to resume the practice of law, as he waited almost six months after he commenced his legal employment with the Graydon firm to apply for admission to the Ohio bar. Finding that Swendiman engaged in the unauthorized practice of law in Ohio and that he continued to do so at the time of his admissions hearing, however, the panel found that he did not possess the requisite character and fitness to practice law in this state.

**{¶ 12}** The board adopted the panel's findings of fact and recommendation that Swendiman's pending application for admission without examination be disapproved. The board recommended that he be permitted to reapply for admission to the practice of law in Ohio by filing a new application and undergoing a complete character and fitness investigation, including a new character and fitness

interview and report by the National Conference of Bar Examiners. And as noted above, Swendiman failed to object to the board's findings or recommendation.

**Disposition**

{¶ 13} An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). The applicant's record must justify "the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them." Gov.Bar R. I(11)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant." *Id.*

{¶ 14} Commission of an act constituting the unauthorized practice of law is one factor to be considered in determining whether an applicant possesses the requisite character, fitness, and moral qualifications to practice law in Ohio. Gov.Bar R. I(11)(D)(3)(c). In assigning weight and significance to the applicant's prior conduct, we consider the age of the applicant at the time of the conduct, the recency of the conduct, and the reliability of the information concerning the conduct, among other factors. Gov.Bar R. I(11)(D)(4).

{¶ 15} The panel found that Swendiman has engaged in the unauthorized practice of law in Ohio before and after he submitted his application for admission to the Ohio bar without examination. We find, at a minimum, that he has failed to present sufficient evidence to establish that he was authorized by Ohio or federal law to provide the legal services that he has rendered to clients in Ohio through his employment with Graydon, Head & Ritchey. Therefore, we agree that he has failed to carry his burden of proving by clear and convincing evidence that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

**{¶ 16}** Accordingly, we adopt the board's recommendation to disapprove Swendiman's pending application for admission without examination. Swendiman may reapply for admission without examination, and if he does, he will be subject to a full character and fitness examination. Furthermore, we order Swendiman to immediately cease and desist all activities described herein and any other activities constituting the practice of law in Ohio unless and until he is duly licensed to practice in this state.

Judgment accordingly.

PFEIFER, O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

O'CONNOR, C.J., dissents and would permanently deny admission.

LANZINGER and O'NEILL, JJ., dissent and would permanently deny admission without prior examination.

_____

Graydon, Head & Ritchey, L.L.P., and Steven P. Goodin, for applicant.

Maria C. Palermo; Santen & Hughes and Stephanie M. Day, for Cincinnati Bar Association.

_____