O’Donnell, J.,
concurring in part and dissenting in part.
{¶ 22} I concur in the court’s decision to revoke Michael Alexander Callam’s license to practice law in Ohio effectively immediately, but contrary to the majority, I would permanently preclude Callam from reapplying for admission to the practice of law in Ohio.
{¶ 23} In In re Application of Swendiman, 146 Ohio St.3d 444, 2016-Ohio-2813, 57 N.E.3d 1155, ¶ 13, this court stated:
An applicant to the Ohio bar must prove by clear and convincing evidence that he or she “possesses the requisite character, fitness, and moral qualifications for admission to the practice of law.” Gov.Bar R. I(11)(D)(1). The applicant’s record must justify “the trust of clients, adversaries, courts, and others with respect to the professional duties owed to them.” Gov.Bar R. I(11)(D)(3). “A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval of the applicant.” Id.
{¶ 24} “ ‘Evidence of false statements, including material omissions, and lack of candor in the admissions process reflect poorly on an applicant’s present character, fitness, and moral qualifications.’ ” In re Application of Bagne, 102 Ohio St.3d 182, 2004-Ohio-2070, 808 N.E.2d 372, ¶ 23, quoting In re Application of Panepinto, 84 Ohio St.3d 397, 399, 704 N.E.2d 564 (1999). And this court has recognized that “[a]n applicant whose honesty and integrity are intrinsically suspect cannot be admitted to the Ohio bar” and has permanently denied an applicant admission to the practice of law in Ohio on that basis. In re Application of Aboyade, 103 Ohio St.3d 318, 2004-Ohio-4773, 815 N.E.2d 383, ¶ 16.
{¶ 25} Here, Callam obtained his law license by deceit. A panel of the Board of Commissioners on Character and Fitness concluded he failed to disclose “critical information” on his registration and bar exam applications and failed to discharge his continuing duty to update the information in his applications until *317 he was admitted to the practice of law even after being reminded of that duty during an interview with members of the Akron Bar Association. Specifically, he faded to disclose the Department of Insurance investigation involving him, the surrender of his insurance license for cause, a civil lawsuit filed by the insurance client whose complaint triggered the Department of Insurance investigation, and a civil lawsuit filed against him and several of his business entities in connection with the sale of his restaurant. And as the majority recognizes, after hearing the evidence, the panel “was not convinced that Callam had remediated his past misconduct, and concluded that he ‘is open and truthful when he must be so, or when it benefits him.’ ” Majority opinion at ¶ 15, quoting the panel’s report.
Mary L. Cibella, for applicant.
Susan M. Fitch, for the Akron Bar Association.
Yorys, Sater, Seymour <& Pease, L.L.P., and Damien C. Kitte, for the Board of Commissioners on Character and Fitness.
The Gertsburg Law Firm Co., L.P.A., and Alexander E. Gertsburg, for amicus curiae, the Gertsburg Law Firm Co., L.P.A., in support of applicant.
{¶ 26} In my view, these facts demonstrate that Callam does not possess the character, fitness, and moral qualifications necessary for admission to the practice of law and that his honesty and integrity are intrinsically suspect. Accordingly, I would adopt the board’s recommendation and revoke Callam’s license to practice law and permanently preclude him from reapplying for admission to the practice of law in Ohio.
O’Connor, C.J., concurs in the foregoing opinion.