[Cite as *Cleveland Firefighters Assn. IAFF Local 93 v. Cleveland Dept. of Law*, 2021-Ohio-399.]

| | |
|---|---|
| ASSOCIATION OF CLEVELAND FIREFIGHTERS IAFF LOCAL 93 | Case No. 2020-00373PQ |
| Requester | Judge Dale A. Crawford |
| v. | <u>DECISION AND ENTRY</u> |
| CITY OF CLEVELAND, DEPARTMENT OF LAW | |
| Respondent | |

{¶1} Respondent City of Cleveland, Department of Law (City) objects to a special master's report and recommendation in this public-records dispute.

## I.  Background

{¶2} On June 11, 2020, Requester Association of Cleveland Firefighters IAFF Local 93 (Association) brought a lawsuit against the City.  The Association stated in the complaint: "On May 11, 2020, we filed public records request reference #C000836-051120 with the City of Cleveland through their online public records request website. To date, we have yet to receive the requested documents."  The Clerk of this Court appointed a special master who referred the case to mediation.  After mediation failed to successfully resolve all disputed issues between the parties, the court returned the case to the special master's docket.

{¶3} On December 30, 2020, the special master issued a report and recommendation (R&R).  The special master found that the City's assertion of attorney-client privilege "is based solely on conclusory statements.  [The City] has not met its minimal burden to identify and explain the nature of any legal issue upon which advice was sought or provided through a given communication." (R&R, 8.)  The special master recommended: "Upon consideration of the pleadings, attachments, and affidavits filed in this case, the special master recommends the court order respondent to disclose all

records that were withheld or redacted based on attorney-client privilege. It is recommended that court costs be assessed to respondent." (R&R, 9.)

{¶4} On January 13, 2021, the City filed written objections to the R&R. A week later the Association filed a response in opposition.[1]

## II. Law and Analysis

{¶5} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation. Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶6} According to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." The City presents the following objections:

---

[1] Joseph A. Konys, Secretary of IAFF Local 93 who does not identify himself as an attorney, appears to have prepared the Association's Response. (Response.) The Ohio Supreme Court has "explained that '[a]ny definition of the practice of law inevitably includes representation before a court, as well as the preparation of pleadings and other legal documents, the management of legal actions for clients, all advice related to law, and all actions taken on behalf of clients connected with the law.'" *Disciplinary Counsel v Harris*, 137 Ohio St.3d 1, 2013-Ohio-4026, 996 N.E.2d 921, ¶ 7, quoting *Cleveland Bar Assn. v. CompManagement, Inc.*, 111 Ohio St.3d 444, 2006-Ohio-6108, 857 N.E.2d 95, ¶ 22. Whether in this instance Konys has engaged in the unauthorized practice of law is not within this Court's jurisdiction. *See* Gov.Bar R. VII, Section 2; R.C. 2743.03(A). The undersigned is required by canons of professional conduct to report suspected unauthorized practice of law for investigation. *See* Jud.Cond.R. 1.1 (requiring a judge to comply with the law, which encompasses court rules, including the Ohio Code of Judicial Conduct and the Ohio Rules of Professional Conduct, statutes, constitutional provisions, and decisional law).

With respect to factual findings, the City objects to the R&R because it (1) omits procedural history that provides the Court with relevant context; (2) improperly publishes information about the headers and content of the emails at issue prior to ultimate resolution of the privilege issue, despite the City's clear position that this information is privileged; (3) inexplicably omits the salient fact that the sender expressly identified all of the emails at issue as Attorney-Client Privileged in the subject lines/headers; and (4) incorrectly states there is "no evidence supporting attorney-client privilege."

With respect to legal conclusions, the City objects to the R&R because it (1) improperly imposes the burden of proof on the City to show by clear and convincing evidence that the emails at issue are exempted from the Public Records Act under R.C. 149.43(A)(1)(v) as a result of the attorney-client privilege; (2) cites inapplicable authority; and (3) mischaracterizes the City's authority and analysis.

The City also objects to the R&R because it was not signed by the Special Master assigned to this case.

(Objections, 1.)

{¶7} The Court does not find well-taken the City's factual challenges, e.g., claims that relevant procedural history was omitted in the R&R, that certain information was improperly published in the R&R, and that a statement in the R&R concerning a lack of evidence to support attorney-client privilege is error.

{¶8} The City contends that the special master improperly imposed a clear-and-convincing burden of proof on the City to show that certain emails were exempt under R.C. 149.43(A)(1)(v) due to attorney-client privilege. The special master stated in the R&R: "Cleveland invites the court to assume that because Chief Asst. Dir. Menzalora has duties that include providing legal advice to officials of the Fire Department, the

court should assume that department correspondence directed or copied to him must concern legal advice. However, 'an assumption does not rise to the level of clear and convincing proof necessary to apply an exception to the Public Records Act.' (Citation omitted.)" R&R, 8, quoting *State ex rel. Summers v. Fox,* Slip Opinion No. 2020-Ohio-5585, ¶ 33. In *Summers* the Ohio Supreme Court has stated that "an assumption does not rise to the level of clear and convincing proof necessary to apply an exception to the Public Records Act. *See State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 22-23 (public-records custodian bears the burden of proving that a statutory exception to disclosure applies to the facts of the specific case)." The City's contention that the special master improperly imposed a clear-and-convincing burden on the City is not well-taken.

{¶9} Additionally, the Court does not find well-taken the City's claims that the special master cited inapplicable authority and that the special master mischaracterized the City's authority and analysis. The Court further does not find well-taken the City's suggestion that the R&R should be declared void because the Court's Clerk, who is a magistrate, signed the R&R for the assigned special master. A magistrate and a special master are judicial officers. *See Black's Law Dictionary* 1308 (11th Ed.2019). Under R.C. 2743.75(A), the Court's Clerk has authority to designate employees or hire one or more individuals to serve as special masters in public-record disputes. Here, the Court's Clerk appointed the special master who prepared the R&R. In the Court's view, because the Clerk—the appointing authority—signed the R&R for the special master, such a circumstance does not require the R&R to be declared void.

### III. Conclusion

{¶10} For reasons set forth above, the Court OVERRULES the City's objections of January 13, 2021. The Court adopts the special master's R&R of December 30, 2020. The Court ORDERS the City to disclose all records that were withheld or redacted based on attorney-client privilege in accordance with the special master's

recommendation.  Court costs are assessed to the City.  The Association is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Association, but the Association is not entitled to recover attorney fees.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____

DALE A. CRAWFORD
Judge


**Filed January 26, 2021**
**Sent to S.C. Reporter 2/12/21**