**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Heckman*, Slip Opinion No. 2021-Ohio-2474.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2474

IN RE APPLICATION OF HECKMAN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Heckman*, Slip Opinion No. 2021-Ohio-2474.]**

*Attorneys—Character and fitness—Applications to register as candidate for admission to practice of law—Past criminal conduct—Lack of candor—Application disapproved and applicant permitted to reapply for admission at a later date, on conditions.*

(No. 2021-0256—Submitted May 12, 2021—Decided July 22, 2021.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 776.

_____

**Per Curiam.**

{¶ 1} Applicant, William Michael Heckman, of Montague, Michigan, is a 2015 graduate of the Western Michigan University Cooley Law School. He applied to register as a candidate for admission to the practice of law in Ohio in July 2019.

Although he applied to take the September/October 2020 bar exam, he withdrew that application but proceeded with the character-and-fitness review process.

{¶ 2} Two members of the Toledo Bar Association's admissions committee interviewed Heckman in January 2020 and recommended that his application be denied. The bar association's seven-member review committee then conducted a second interview of Heckman. Citing its concerns regarding Heckman's emotional instability, alcohol usage, and lack of candor regarding his unsuccessful applications for admission to the Michigan and Indiana bars, the admissions committee recommended that Heckman's application be disapproved. Heckman appealed that recommendation to the Board of Commissioners on Character and Fitness. *See* Gov.Bar R. I(14).

{¶ 3} A three-member panel of the board conducted a hearing on January 22, 2021. After considering Heckman's testimony and exhibits, the panel concluded that he had failed to present clear and convincing evidence that he currently possesses the requisite character, fitness, and moral qualifications to practice law in Ohio. The panel recommended that (1) his application be denied, (2) he be permitted to reapply no earlier than January 15, 2023, and (3) he be required to submit to an evaluation by the Ohio Lawyers Assistance Program ("OLAP") and successfully complete any treatment program recommended by OLAP before reapplying for admission to the Ohio bar. The board adopted the panel's report and recommendation.

**Facts**

*Alcohol-Related Offenses*

{¶ 4} In 1990, Heckman was arrested in Arizona for driving while under the influence of alcohol. The following year, he was convicted in Florida for public consumption of alcohol. Several years later, he was charged in Michigan with driving while having a suspended driver's license, although the reason for the license suspension is not clear from the record.

**{¶ 5}** In 2014, Heckman was charged in Arizona with felony aggravated assault and misdemeanor disorderly conduct/domestic violence for striking his teenaged son during a social gathering at his sister's home. The police report stated that Heckman had been drinking alcohol before the incident and had to be restrained by his relatives. He pleaded guilty to disorderly conduct/domestic violence, for which the court imposed a 60-day jail sentence (which, according to Heckman, was suspended) and 30 months of probation. He was released from probation after approximately 21 months. Heckman was also charged in Michigan with assault in 2016 for allegedly striking a phone out of the hand of his other teenaged son. No finding of guilt was entered regarding that charge because Heckman successfully completed probation and 26 weeks of classes concerning domestic violence.

**{¶ 6}** In addition to those criminal matters, Heckman's ex-wife, who is a Michigan attorney, obtained four civil protection orders against Heckman following their 2007 divorce. One of those orders required Heckman to refrain from consuming alcohol when his children were in his care.

**{¶ 7}** At the panel hearing, Heckman argued that two of his prior convictions relating to his alcohol use—including his conviction for driving while under the influence of alcohol—should not be held against him because they occurred nearly 30 years ago. He testified that the conduct giving rise to his 2014 conviction for disorderly conduct/domestic violence and his 2016 assault charge involved mistakes that he had made in the heat of the moment while attempting to discipline his sons, and during his interview with the bar association's seven-member review committee, he suggested that the 2016 assault charge had been motivated by his ex-wife's animosity toward him. Heckman stated in a letter to the board that he had successfully completed his domestic-violence-prevention classes and had not had an incident involving his children since 2016.

**{¶ 8}** Heckman's sons submitted affidavits in support of his application, attesting that they enjoy a loving relationship with him. One of Heckman's sons

averred that Heckman is making progress in dealing with the difficulties in his life and has taken steps toward accepting responsibility for his actions. Heckman's other son expressed his belief that Heckman understands the nature of his past conduct and has learned from it. After the panel hearing, a friend of Heckman's who is a Michigan attorney submitted an affidavit expressing his opinion that Heckman has learned from his past mistakes and possesses the character and fitness necessary to practice law.

{¶ 9} Although Heckman has generally denied that he has any problem with alcohol, the board noted that in 2015, Heckman obtained an evaluation from the Michigan Lawyers and Judges Assistance Program ("LJAP") in conjunction with his efforts to gain admission to the Michigan bar and to secure his release from probation in Arizona. The LJAP evaluator rejected Heckman's denials regarding his problem with alcohol, noting that he had twice been arrested for alcohol-related offenses in the early 1990s and that he had been drinking alcohol immediately before he was arrested for striking his son in November 2014. Based upon her clinical review and the information provided to her, the evaluator diagnosed Heckman with a moderate alcohol-use disorder. She recommended that he complete a structured substance-abuse program, a program for domestic-violence offenders, and a psychological evaluation to assess for the presence of a personality disorder.

{¶ 10} The board acknowledged that Heckman has made strides in understanding some of the factors that contributed to his past behavior and has worked to maintain a loving relationship with his children. Heckman also submitted a favorable report from a counselor whom he had seen about 15 times in the previous five years, and a report following a March 2020 substance-abuse-disorder assessment stating that he did not meet the criteria for a diagnosis under the DSM-5 (*Diagnosis and Statistical Manual of Mental Disorders* (5th Ed.2013)) and that no treatment was recommended. However, Heckman did not persuade the

board that he had meaningfully addressed the negative role of alcohol in his life, because he presented no evidence that he had entered into a monitoring program or had otherwise followed the recommendations made by the LJAP evaluator and he continued to deny that his alcohol use was a problem.

*Candor*

{¶ 11} In addition to its concerns about Heckman's alcohol use, the board found that the record is replete with instances in which he was less than candid about his criminal offenses. For example, Heckman failed to disclose his November 2014 arrest to his law school until July 2015—approximately six months *after* he graduated. In a written response to that disclosure, the law school informed him that "[b]ecause you would have been placed on administrative probation for a felony arrest, and because this is a late disclosure, your status has been changed to administrative probation retroactive to November 14, 2014." Notwithstanding that notification, Heckman denied on his Ohio registration application that he had ever been subjected to discipline by any law school. And as the board noted, although Heckman had disclosed in his registration application that he failed the Michigan bar exam, he waited until his interview with the bar association's seven-member review committee to divulge that Michigan had refused to allow him to retake the exam on character-and-fitness grounds. Heckman could not recall during the hearing whether he had ever received written confirmation of that ruling but he testified that it had been orally conveyed to him.[1]

{¶ 12} Heckman testified that his omissions, including his failure to timely report his arrest in Arizona to his law school, were not intentional and that he simply forgot to disclose the information. But the board did not find his testimony

---

1. The record in this case does not contain any evidence that Heckman's Michigan bar application was denied on character-and-fitness grounds. The Michigan LJAP report states that the State Bar of Michigan Committee on Character and Fitness had expressed concerns regarding the numerous personal protection orders obtained by Heckman's ex-wife, his November 2014 arrest for striking his son, and his failure to disclose and update information pertaining to his legal history.

persuasive and found that he did nothing to satisfy its lingering concerns regarding his lack of candor. Moreover, the record shows that in September 2018, Indiana denied Heckman's application for admission to its bar on character-and-fitness grounds and will allow him to reapply for its July 2023 bar exam.

**Disposition**

{¶ 13} An applicant for admission to the Ohio bar bears the burden of proving "by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(13)(D)(1). An applicant may be approved for admission if the applicant satisfies the essential eligibility requirements for the practice of law as defined by the board and demonstrates that "the applicant's record of conduct justifies the trust of clients, adversaries, courts, and others." Gov.Bar R. I(13)(D)(3).

{¶ 14} "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval." *Id.* In determining whether the record demonstrates such a deficiency, we consider a number of factors identified in Gov.Bar R. I(13)(D)(3), including the following factors that are present here: evidence of (1) the applicant's untreated chemical dependency, (2) the applicant's violations of his or her law school's honor code, (3) the applicant's failure to provide complete and accurate information concerning the applicant's past, (4) the applicant's false statements (including omissions), (5) the applicant's acts involving dishonesty, fraud, deceit, or misrepresentation, and (6) the denial of the applicant's admission to the bar in another jurisdiction on character-and-fitness grounds. *See* Gov.Bar R. I(13)(D)(3)(b), (d), (g), (h), (i), and (n). We also consider the age of the applicant at the time of the conduct, the recency of the conduct, the reliability of the information concerning the conduct, the seriousness of the conduct, the cumulative effect of the conduct, evidence of the applicant's rehabilitation, the candor of the

applicant in the admissions process, and the materiality of any omissions or misrepresentations by the applicant. *See* Gov.Bar R. I(13)(D)(4)(a), (b), (c), (d), (f), (g), (i), and (j).

{¶ 15} "Evidence of false statements, including material omissions, and lack of candor in the admissions process reflect poorly on an applicant's present character, fitness, and moral qualifications." *In re Application of Panepinto*, 84 Ohio St.3d 397, 399, 704 N.E.2d 564 (1999); *In re Application of Cvammen*, 102 Ohio St.3d 13, 2004-Ohio-1584, 806 N.E.2d 498, ¶ 22. "Even one incomplete answer can lead to the disapproval of an admission application if the applicant does not fully and honestly explain when the opportunity arises." *In re Application of Bagne*, 102 Ohio St.3d 182, 2004-Ohio-2070, 808 N.E.2d 372, ¶ 23. Here, in addition to Heckman's material omissions during the character-and-fitness review process, there are lingering concerns that he has an untreated alcohol-use disorder. Upon consideration of the record and the applicable rules, we agree with the board that Heckman has failed to carry his burden of proving by clear and convincing evidence that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

{¶ 16} Accordingly, we adopt the board's report and disapprove Heckman's pending registration application. Heckman shall be permitted to reapply for admission to the Ohio bar no earlier than January 15, 2023, and before then shall be required to submit proof that he has obtained an OLAP evaluation and successfully completed any treatment program recommended as a result of that evaluation.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

––––––––––––––––––

William Michael Heckman, pro se.

Joseph P. Dawson, for the Toledo Bar Association.

_____